11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Patrick Lamont Dean

Appellant

Vs.       Nos.
11-01-00326-CR, 11-01-00327-CR, & 11-01-00328-CR - Appeals from Dallas
County

State of Texas

Appellee

 

This proceeding involves appeals from one
conviction for aggravated robbery[1]
and two convictions for robbery.[2]   Appellant=s
court-appointed counsel has filed a brief on the merits with respect to the
conviction for aggravated robbery and has filed Anders[3]
briefs in Cause Nos. 11-01-00327-CR and 11-01-00328-CR.  We affirm.

                                                                Procedural
History

The indictment in Cause No. 11-01-00328-CR alleged
that appellant committed a robbery on or about April 15, 2000.  The indictment additionally contained an
enhancement paragraph which alleged a prior felony conviction.  Appellant entered an open plea of guilty to
the charge on September 7, 2000.  The
trial court accepted appellant=s
guilty plea and entered an order on October 12, 2000, placing him on deferred
adjudication for a term of 10 years.  








Appellant committed the aggravated robbery which
is the subject of Cause No. 11-01-00326-CR on or about March 21, 2001.  He committed the robbery which is the
subject of Cause No. 11-01-00327-CR on or about March 11, 2001.  The two 2001 robberies were committed during
the term of appellant=s
deferred adjudication in Cause No. 11-01-00328-CR.  The State subsequently filed a motion to adjudicate guilt in
Cause No. 11-01-00328-CR, alleging that appellant had violated the conditions
of his community supervision.  

Appellant entered open guilty pleas in Cause Nos.
11-01-00326-CR and 11-01-00327-CR on June 27, 2001.  Appellant also entered a plea of Atrue@ on this date to the motion
to adjudicate guilt filed in Cause No. 11-01-00328-CR.  The trial court accepted appellant=s pleas and continued the
cases until a later date for a determination of punishment in all three
cases.   The punishment hearing
commenced on August 9, 2001.  Appellant
testified on his own behalf during the punishment hearing.  In an effort to seek mercy from the trial
court, appellant testified that he did not mean to harm any of his victims and
that he only used a BB gun during the robberies alleged in Cause Nos.
11-01-00326-CR and 11-01-00327-CR.  The
indictments in each of these two causes charged appellant with aggravated
robbery based upon his use and exhibition of a deadly weapon, a firearm.  In light of the conflict between appellant=s testimony and the
language of the indictments, the State presented an oral motion for continuance
in order to present additional testimony regarding the weapon which appellant
used in the robberies.  








The proceedings reconvened on August 20,
2001.  Appellant made a request at
the  hearing to withdraw his guilty
pleas in Cause Nos. 11-01-00326-CR and 11-01-00327-CR.  The State did not oppose this request.  The trial court thereupon proceeded with
sentencing in Cause No. 11-01-00328-CR by sentencing appellant to confinement
in the Institutional Division of the Texas Department of Criminal Justice for a
term of 40 years.  Further proceedings
in Cause Nos. 11-01-00326-CR and 11-01-00327-CR were deferred until September
7, 2001.  Appellant waived his right to
a jury trial with respect to the determination of his guilt in these two
causes.  He also executed stipulations
of evidence wherein he admitted to all of the facts alleged in the
indictments  returned in Cause Nos.
11-01-00326-CR and  11-01-00327-CR
except the allegation that he used or exhibited a deadly weapon, a firearm, in
the two robberies.  The trial court
received testimony regarding the type of weapon appellant used during the
robberies.  The trial court found
appellant guilty of aggravated robbery in Cause No. 11-01-00326-CR.  The trial court assessed appellant=s punishment in Cause No.
11-01-00326-CR at confinement for life. 
With respect to Cause No. 11-01-00327-CR, the trial court found
appellant guilty of the lesser included offense of robbery and assessed his
punishment at confinement for a term of 20 years and imposed a fine of $1,000.  

                                                        Cause
No. 11-01-00326-CR

In his sole point of error, appellant attacks the
legal and factual sufficiency of the evidence supporting the finding that he
used or exhibited a deadly weapon, a firearm, in the aggravated robbery alleged
in Cause No. 11-01-00326-CR.  

                                                                 Legal
Sufficiency

Evidence is legally sufficient when, viewed in the
light most favorable to the prosecution, it is sufficient to permit a rational
trier of fact to find all the essential elements of the charged crime beyond a
reasonable doubt.  Jackson v. Virginia,
443 U.S. 307 (1979); Jackson v. State, 17 S.W.3d 664 (Tex.Cr.App.2000).  The State offered the testimony of the two
cashiers whom appellant robbed on March 21, 2001.[4]  The female cashier testified that she had
some knowledge of handguns because her stepfather owned four handguns.  She testified that she got a good look at
the gun which appellant used.  She
described the gun as being Abig,
black, and the hole was big...it looked like a nine millimeter.@  She also admitted that she had no firearms training and that she
had never fired a firearm.  She also did
not know the difference between an automatic and a revolver.  The male cashier had previously worked in a
sheriff=s office.  Appellant pointed the gun at the male
cashier=s stomach
during the robbery.  The male cashier
testified that he had knowledge of handguns and that the weapon which appellant
used was a nine millimeter.  He stated
that the barrel of the weapon used by appellant had a larger diameter barrel
than a BB gun.  








The facts of this case are similar to those in
Edwards v. State, 10 S.W.3d 699 (Tex.App. B
Houston [14th Dist.] 1999), pet=n
dism=d,
improvidently granted, 67 S.W.3d 228 (Tex.Cr.App.2002). The defendant in Edwards
asserted that he only used a BB gun to commit a robbery while the State
asserted that he used a handgun.  As
noted above, both victims of the robbery in question testified that the weapon
which appellant threatened them with resembled a handgun.  They also provided testimony showing their
familiarity with handguns.  As noted in Edwards,
the fact that appellant threatened the victims with the weapon is evidence
suggesting that the gun was a firearm. 
Edwards v. State, supra at 702. 
Viewing the evidence in the light most favorable to the prosecution, we
hold that a rational trier of fact could have found beyond a reasonable doubt
that the weapon used in the robbery was a firearm.

                                                                Factual
Sufficiency

Evidence is factually sufficient unless, when
viewed without "the prism of most favorable to the prosecution," it
is so contrary to the great weight of the evidence as to be manifestly
unjust.  Johnson v. State, 23 S.W.3d 1
(Tex.Cr.App.2000); Clewis v. State, 922 S.W.2d 126, 129 (Tex.Cr.App.1996).   Appellant testified that he used a BB gun
during the robbery in question.  He
stated that the gun resembled a .45 caliber handgun because it had an Aillusional@ barrel.  Appellant also offered the testimony of the
victim of another robbery which he committed a few weeks prior to the robbery
in question.  She testified that
appellant fired the weapon during the robbery. 
She described the sound of the shot as being consistent with the sound
of a pellet gun powered by a CO2 cartridge. 
Appellant=s
brother testified that appellant had previously shown him a BB gun which
resembled an automatic firearm.

The evidence regarding the type of weapon used by
appellant is conflicting.   The fact
finder resolves any conflicts in the evidence, evaluates the credibility of the
witnesses, and determines the weight to be given to any particular
evidence.  See Edwards v. State, supra
at 702.  A decision is not clearly wrong
and unjust merely because the fact finder resolved conflicting evidence in
favor of the State.  Cain v. State, 958
S.W.2d 404, 408 (Tex.Cr.App.1997). 
Viewing all of the evidence, we cannot say that the trial court=s finding is so contrary to
the overwhelming weight of the evidence as to be unjust.  Appellant=s
sole point of error is overruled.

                                      Cause
Nos. 11-01-00327-CR & 11-01-00328-CR








Appellant’s court-appointed counsel has filed a brief
wherein she concludes that the appeals in Cause Nos. 11-01-00327-CR and
11-01-00328-CR are wholly frivolous and without merit based upon her
conscientious examination of the record.  
The brief meets the minimum requirements of Anders v. California, supra,
by presenting a professional evaluation of the record and stating why there are
no arguable grounds of error on appeal. 
See Gainous v. State, 436 S.W.2d 137, 138 (Tex.Cr.App.1969).  Counsel certifies that the brief was
delivered to appellant and that appellant was advised he had a right to review
the record and file a pro se brief.  A
pro se brief has not been filed. 

Following the procedures outlined in Anders,
we have independently reviewed the record and counsel=s briefs.  We agree that the appeals are without
merit.  

                                                             This
Court=s
Judgment

The judgments of the trial court are affirmed.

 

PER CURIAM

 

August 29, 2002

Do not publish.  See
TEX.R.APP.P. 47.3(b).

Panel
consists of: Arnot, C.J., and

Wright,
J., and McCall, J.











     [1]Cause No. 11-01-00326-CR.





     [2]Cause Nos. 11-01-00327-CR & 11-01-00328-CR.





     [3]Anders v. California, 386 U.S. 738 (1967).





     [4]The weapon which appellant used during the robbery was
never recovered.